Hon. John Dawson State Representative Post Office Box 336 Camden, AR 71701
Dear Representative Dawson:
This is in response to your opinion request wherein you posed the following inquiries:
 1. Is it permissible for the Fairview Public School District to allow the Ouachita Bible Society to present non-denominational religious programs at various schools within the district during school hours and with attendance voluntary in nature?
 2. If this action is improper, can the programs be presented off campus by the Society during school hours?
For the following reasons, the answer to both of your inquiries is no, and this office must advise against either of the above practices.
The First Amendment to the United States Constitution which prohibits any law respecting an establishment of religion also prohibits laws which prevent the free exercise thereof. In its examination of claimed establishment clause violations or impermissible burdens on free exercise, the United States Supreme Court has articulated the concerns which underly [underlie] itsFirst Amendment decisions and has developed a methodology to determine whether an establishment clause violation exists. This analysis asks three questions: (1) Does the policy or practice have a secular (non-religious) purpose? (2) Is the primary effect of the policy or practice one which neither advances nor inhibits religion? (3) Does the policy or practice avoid an excessive intanglement with religion? Lemon v. Kurtzman, 403 U.S. 602,612-13, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745 (1971). If the answer to all THREE questions is in the affirmative, the policy or practice does not impermissibly provide for an establishment of religion and is thus constitutional. Lubbock Civil Liberties Union v. Lubbock Independent School District, 669 F.2d 1038 (5th Cir. 1982).
Inasmuch as there are cases on point with respect to your first inquiry, application of the above analysis is unnecessary. In McCollum v. Bd. of Ed., 333 U.S. 203, 68 S.Ct. 461, 91 L.Ed. 649
(1948), the United States Supreme Court held that religious instruction in public school facilities on school time at no cost to the school district was still unconstitutional.
There is also a case on point which at first glance would appear to make permissible the second situation you described. In 1952, the United States Supreme Court found as constitutional "released time" for public school students to attend religious classes off-campus. Zorach v. Clauson, 343 U.S. 306, 72 S.Ct. 679,96 L.Ed. 954 (1952). It must be noted, however, that the Zorach decision was handed down prior to the methodology established by the Supreme Court in Lemon.
When Lemon is applied to the question of whether a religious program can be presented off-campus during school hours, an affirmative answer to the following questions is required in order that the practice not be considered unconstitutional. Are the students allowed to attend the programs for non-religious purposes? Does the policy or practice neither advance nor inhibit religion? Does the policy or practice avoid an excessive intanglement with religion?
Because presentation of the religious program off-campus is an apparent alternative to on-campus teaching, it would appear that it would be difficult to claim that the practice was not for religious purposes. Additionally, is not the alternative practice being developed in order to make possible or available the religious studies otherwise not allowable? Without addressing the third question, it is the opinion of this office that since all three questions cannot be answered in the affirmative, as required under Lemon, the practice of presenting religious studies off-campus during school hours is constitutionally suspect.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. R. McNair III.